UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WILLIAM J. BOLTON and KRISTINA D.
HARWOOD-BOLTON, Husband and Wife,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A., a National
Banking Association; and BAC HOME
LOANS SERVICING, L.P., a foreign limited
partnership organized pursuant to Texas law,

    Defendants.

NO. CV-10-204-JLQ

**ORDER RE: PLAINTIFFS'
MOTION FOR PARTIAL
SUMMARY JUDGMENT**

    BEFORE THE COURT is Plaintiffs Motion for Partial Summary Judgment (ECF 16) and supporting materials and Defendants' Response (ECF 22) with supporting materials. Plaintiffs filed a belated Reply that Defendants moved to strike as untimely. The Motion To Expedite (ECF 33) is Granted and the Motion to Strike (ECF 30) is DENIED.

    The matter was argued via telephonic hearing on March 17, 2011, at 1:30 p.m. Timothy W. Durkop appeared for Plaintiffs and Matthew Sullivan represented the Defendants.

## I. Introduction

    Plaintiffs William J. Bolton and Kristina D. Harwood-Bolton ("Plaintiffs") are husband and wife and obtained a loan to refinance their principal residence located at 1508 N. Brook Terrace Street in Spokane, Washington from Countrywide Bank. There apparently was an interim construction loan and a final take-out loan. At the time of these transactions, the Plaintiff William Bolton was employed by Countrywide as a Loan Service Officer. Upon the acquisition of Countrywide by Bank of America, it became the

owner of the note.

Plaintiffs claim, *inter alia*, that Bank of America and BAC Home Loans Servicing, LP ("Defendants") failed to disclose an additional interest fee of $2,996.51 at the inception of the loan, failed to timely credit monthly mortgage payments, erroneously made a late payment report to the National Consumer Reporting Agencies, and did not allow Plaintiffs to rescind the loan.

Plaintiffs allege that Bank of America violated the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq, by not disclosing the additional interest payment of $2,996.51, and refusing to allow Plaintiffs to rescind the loan.

Plaintiffs also allege that Bank of America violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq., by failing to timely respond to a qualified written request and charging too much for an escrow account.  Plaintiffs allege the erroneous credit reporting violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681. Lastly,  Plaintiffs assert a claim for common law breach of contract.

## II.  The Complaint

Plaintiffs' Complaint is not segregated as to claims and arguably is meant to comply with F. R. Civ. P. 8(a)(2) which calls for a "short and plain statement of the claim." In this Order, the court has assigned Count numbers to the individual claims, as it understands them.  The Complaint names two Defendants, but most of the allegations appear to be against Bank of America.  For example, in the TILA claim, herein Count I, all of the allegations in Paragraphs 21 to 24 concern only Bank of America, but then Paragraph 25 concludes by stating that Defendant**s** violated the TILA.  Count II herein, alleging violation of RESPA, is only three sentences and states that Defendant**s** violated RESPA.   Count III herein alleges violation of the Fair Credit Reporting Act. Count IV herein is a claim for breach of contract, consists of two sentences, and references no specific provision of any contract between Plaintiffs and Defendants, nor is any such contract attached to the Complaint.

ORDER - 2

Supporting documents reveal that BAC Home Loans Servicing is a subsidiary of Bank of America and the loan servicer. (ECF 18-14). The court will refer herein to Defendants collectively as "Defendants" or "Bank of America."

### III.  Plaintiff's Motion for Partial Summary Judgment

It is against the backdrop of this Complaint that Plaintiffs ask the court to grant **partial** summary judgment in their favor. Federal Rule of Civil Procedure 56(a) provides that a movant shall "identify[] each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and demonstrate that the "movant is entitled to judgment as a matter of law."

Plaintiffs' Motion (ECF 16) does not state why Plaintiffs are entitled to judgment as a matter of law, but instead asks the court to find the following: Plaintiffs are entitled to rescind the loan; damages under TILA; damages under RESPA; that Defendants breached the implied duty of good faith and fair dealing (a claim not pled, but apparently part of the  breach of contract claim); and a "partial ruling" on the FCRA claim. (ECF 16 p. 2). Plaintiffs then state that the "substantive basis" of the Motion is contained in the Memorandum in Support (ECF 20). The supporting Memorandum has assisted the court in defining the issues, but has not established Plaintiffs' right to summary judgment.

### IV.  Count I - Truth in Lending Act Claim

Plaintiffs argue that Bank of America failed to disclose the proper amount of finance charges on the loan in violation of 15 U.S.C. § 1637. Plaintiffs note that § 1605(f) provides a tolerance for inaccuracy in the amount of one-half of one percent of the total amount of credit extended. Plaintiffs assert that one-half of one percent is $2,900.00, and that Bank of America failed to disclose a charge of $2,966.51 and thus is in violation of TILA. Plaintiffs claim that they timely requested rescission within three years of the consummation of the loan.

Defendants assert that the interest amounts were properly disclosed and that Plaintiffs have no basis for rescission. (ECF 22 p. 7). Defendant argues alternatively that even assuming that Bank of America failed to accurately disclose the finance charges,

summary judgment would be improper because Plaintiffs have not offered evidence of their ability to tender and return the loan proceeds even if rescission were granted.

## A. Statute of Limitations

In the Motion for Partial Summary Judgment (ECF 16), Plaintiffs ask the court to find that they are "entitled to damages for violations of TILA."  The TILA provides a one-year statute of limitations for actions for damages. 15 U.S.C. § 1640(e).  Plaintiffs consummated their loan in August 2007.  Plaintiffs allege they were charged a fee of $2,996.51 (which they allege was not previously disclosed) in January 2008. (ECF 1, ¶ 11).  This action was not filed until June 2010, and therefore any action for damages under TILA is barred by the one-year limitation of § 1640(e).  Plaintiffs' claim for rescission is not time-barred as claims for rescission are governed by a three-year period of limitation. § 1635(f).

## B. Plaintiffs' Claim for Rescission

Plaintiffs' claim for rescission is based on the allegation that $2,996.51 in interest was not disclosed.  The summary judgment record reflects that Plaintiffs were provided with, and signed, a "Truth in Lending Disclosure Statement", which informed Plaintiffs that they would pay $798,484.98 in interest over the life of the loan. (Declaration of William Bolton, ECF 18-3).  Plaintiffs specifically admit being provided with this disclosure. (ECF 18, ¶ 8).  Plaintiffs assert the $2,996.51 was an additional fee or "additional interest". (ECF 18 ¶ 9).

Defendants assert that there was no additional fee or interest, but that rather the $2,996.51 represents a deficiency in a construction interest reserve account that was created when Mr. Bolton on November 15, 2007 asked that the interest reserve on that loan be reduced (ECF 18-7), which it was.  Defendants' position is supported by the affidavit of Christen Ransom, an employee of BAC Home Loans Servicing. (ECF 23).  Accordingly, there is a dispute of fact, and Plaintiffs have not established that they are entitled to summary judgment as a matter of law on the TILA claim.

**V. Count II - RESPA Claim**

**A. Plaintiffs' Alleged RESPA Violation**

The lack of specificity in Plaintiffs' Complaint on this claim encumbers, to some extent, the court's review. Plaintiffs assert Defendants violated 12 U.S.C. § 26. (ECF 1 ¶¶ 26-27). The RESPA statute is 12 U.S.C. **2601** *et seq*. Plaintiffs' Complaint fails to direct the court to the specific statutory provision that was allegedly violated, possibly because of a typographic error.

Plaintiffs' argument in support of summary judgment concerning the alleged RESPA violation is somewhat conclusory and consists of: "In this transaction, the Defendants violated RESPA by failing to timely respond to a qualified written request with respect to the Plaintiffs' escrow account." (ECF 20 p. 10). Plaintiffs' argument on this claim primarily consists of referencing portions of the statute, but does not include the date the request was made, the text of the alleged "qualified written request," ("QWR") or the date a response was made.

The declaration of William Bolton offers some factual context to the claim, but also has its deficiencies. He appears to state he sent two letters to Bank of America on March 18, 2010, however, the declaration actually reads: "On March 18, 2010, in two separate letters to Bank of America." (ECF 18, ¶ 19). This sentence fragment does not establish that the letters were QWRs, or were even sent. However, the remainder of the declaration offers some description of the letters and avers they were received by Bank of America on March 21, 2010, and March 23, 2010. (ECF 18, ¶¶ 19-20). Plaintiffs state one letter was from Mr. Bolton, and one from Mrs. Bolton, however both bear only the typed signature "William and Kristina Bolton" and both bear the date March **8**, 2010, even though Mr. Bolton avers the letters were sent March **18**, 2010. (ECF 18-13).

Defendants admit that they did not acknowledge the correspondence dated March 8, 2010, within 20 days, but they did substantively respond within 60 days. Defendants acknowledged the letter in a letter dated April 26, 2010. (ECF 18-14). Bank of America substantively responded on May 3, 2010. (ECF 23, p. 35).

**B. 12 U.S.C. § 2605 and § 2609**

Identifying the specific provision relied upon under RESPA is important because not all sections allow for a private right of action, and the various sections have different limitations periods. See 12 USC § 2614 (providing for a 1-to-3 year period of limitation); see also *Frazile v. EMC Mortgage Corp.,* 382 Fed.Appx. 833 (11th Cir. 2010) (dismissing Plaintiff's RESPA allegations for failure to state a claim as she alleged violation of § 2604 which did not provide a private right of action.) Plaintiffs cite to § 2605 in their Memorandum in Support (ECF 20) which does allow for a private right of action and is governed by a three-year limitations period. Defendants argue that the nature of Plaintiffs' complaint to Bank of America actually makes it a claim under § 2609, which does not allow for a private right of action.

In order to be a QWR under 2605(e)(1)(B) the writing must identify the name and account number of the borrower and include a statement of the reasons for the belief that the account is in error, or provide sufficient detail to the servicer regarding the information sought. The March 8, 2010 letters stated the borrowers name, account number, and identified the property. They also stated that they were intended "to be a qualified written request under RESPA." (ECF 18-13). One letter stated the loan had been put in "modification status" and Plaintiffs did not want it to be, the other letter wanted the monthly escrow amount collected to be reduced because the property tax valuation had declined.

In order to act upon a QWR, a loan servicer has several options, including: 1) making corrections to the account; 2) conduct an investigation and provide the borrower with a statement of reasons why the account is correct and contact information for further assistance; or 3) conduct an investigation and provide a borrower with the requested information, or explain why such information is not available and provide contact information for further assistance. § 2605(e)(2). The loan servicer must act within 60 days of receipt of the QWR.

Bank of America's response was provided within 60 days.  The responsive letter stated it was providing a summary of the subject loan and that additional documents were being sent under separate cover including origination documents and a loan transaction history. (ECF 18-8).  The letter also provided a department contact and phone number for further assistance.

To the extent Plaintiffs claim is a claim under § 2609, entitled "Limitation on requirement of advance deposits in escrow accounts," the court is in agreement with Defendants that there is no private right of action.  Although the Ninth Circuit has not addressed this issue, and there is a Circuit-split between the Fifth Circuit, *State of La. v. Litton Mortgage Co.*, 50 F.3d 1298 (5th Cir. 1995) and Seventh Circuit, *Allison v. Liberty Sav.*, 695 F.2d 1086, 1091 (7th Cir. 1982) finding no implied private cause of action under 2609, and the Sixth Circuit, *Vega v. First Federal Sav & Loan*, 622 F.2d 918, 925 (6th Cir. 1980) finding there is an implied private cause of action, this court believes the opinions of the Fifth and Seventh Circuit are the better reasoned.  See also *Birkholm v. Washington Mutual Bank*, 447 F.Supp.2d 1158 (W.D. Wash. 2006) (no private right of action under § 2609).

**C.  Plaintiffs Fail to Plead Actual Damages**

Even if Plaintiffs' claim is construed as falling under Section 2605, Plaintiffs have not alleged actual damages.  Under Section 2605(f)(1) a Plaintiff may recover actual damages and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."  Plaintiffs fail to plead sufficient facts explaining how Bank of America's failure to acknowledge the QWR within 20 days caused them actual damages.  Plaintiffs cite no case law supporting the theory that a lender's failure to acknowledge a QWR within 20 days, even though it substantively responds within 60 days, is actionable.  If Plaintiffs' claim is instead directed at the substance (as opposed to timing) of Bank of America's May 3, 2010 response to the QWR, Plaintiffs have not sufficiently developed that claim in the summary judgment record.  In fact, Mr. Bolton's declaration fails to

1    acknowledge the May 3, 2010 response, instead mentioning only the earlier letter from

2    Bank of America dated April 26, 2010. (ECF 18 ¶ 21).

3         To state a claim for "pattern or practice" damages, Plaintiffs must do more than

4    allege one failure to comply, but rather must demonstrate repeated occurrences or a

5    standard or routine way of operating. <u>See</u> <u>In re Tomasevic</u>, 273 B.R. 682 (Bankr. M.D.

6    Fla. 2002) (failure to respond to one qualified written request did not amount to a pattern

7    or practice).

8         Plaintiffs have not established their right to judgment, as a matter of law, on their

9    RESPA claim, and accordingly their Motion is denied as to that claim.

10   **VI.  Count III - Fair Credit Reporting Act**

11        Plaintiffs' Fair Credit Reporting Act ("FCRA") claim is that Defendants "fail[ed] to

12   maintain a procedure to avoid publishing false and defaming information about

13   Plaintiffs" (ECF 1 ¶ 32) in violation of 15 U.S.C. § 1681s(2)(b)[1].  Plaintiffs allege that

14   Defendants failed to timely credit payments between February and May 2010, and that in

15   April 2010, Plaintiffs learned that Defendants had erroneously reported to the credit

16   reporting agencies (Experian, Equifax, and Transunion) that Plaintiffs had made late

17   payments.  Plaintiffs seek only partial summary judgment on this claim.

18        Bank of America "concedes that the Boltons are consumers, it is a furnisher of

19   information, and the Boltons' refinance of their mortgage was a consumer transaction."

20   (ECF 22 p. 17).  These appear to be the issues that Plaintiffs wanted the court to declare.

21   As they are undisputed, there is nothing for the court to resolve concerning these issues.

22   Defendants argue that the concession of these issues does not dispose of the claim and

23   Plaintiffs are not entitled to any form of judgment on these issues.

24        Defendants admit that they erroneously reported the Boltons' March mortgage

25   payment as late to the credit reporting agencies (ECF 22 p. 18), but argue that there is no

26   evidence of actual harm.  In reviewing § 1681e(b), concerning the credit reporting

27

28        [1]The correct citation is Section 1681s-2(b).

ORDER - 8

agencies duties under FCRA, the Ninth Circuit has stated: "FCRA does not impose strict liability, however an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Guimond v. Trans Union Credit*, 45 F.3d 1329, 1333 (9th Cir. 1995).  Questions concerning the reasonableness of such procedures and whether they were properly followed "will be jury (non-jury in this case) questions in the overwhelming majority of cases." *Id.*

Plaintiffs alleged a violation of 1681s-2(b), which sets forth the duties of a furnisher of information upon notice of dispute, including investigation, reviewing consumer reporting agency information, and if appropriate modifying, deleting, or correcting the information.  Defendants state that crediting the mortgage payments 15 days late was simply a mistake, and that Bank of America "took appropriate remedial steps." (ECF 22 p. 16).  It is undisputed that Bank of America erred in crediting at least one monthly payment as late (March 2010), and erred in reporting that information to the credit reporting agencies.  However, when notified of this error, Defendants investigated and corrected the information.  On July 30, 2010, Bank of America sent a letter to the Boltons which stated that Plaintiffs request for a credit reporting adjustment had been completed and that "corrected information" had been submitted to the credit reporting agencies. (ECF 18-13, Ex. 20 p. 2).  The declaration of William Bolton further confirms that "Bank of America has corrected this erroneous information." (ECF 18, ¶ 17).

Although not raised by the Defendants, not all sub-sections of § 1681s provide for a private right of action.  The courts are generally in agreement that there is no private right of action under 1681s-2(a). See for example *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) ("subsection (a) shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.").  Uncertainty still remains concerning whether there is a private right of action under 1681s-2(b), although the majority of courts allow a private claim. See *Donovan v. Bank of America*, 574 F.Supp.2d 192, 206 (D. Maine 2008) ("The First Circuit has not addressed whether a private cause of action is available

1    under this section, but the weight of authority supports the argument that such a right

2    exists."); <u>but see</u> *Carney v. Experian Info. Solutions*, 57 F.Supp.2d 496, 502 (W.D. Tenn.

3    1999) (individual consumer has no private right of action under 1681s-2(b)).

4        Of import in this action, the Ninth Circuit has held that "section 1681s-2(b) does

5    create a cause of action for a consumer against a furnisher of credit information." *Nelson*

6    *v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002).  Bank of

7    America's duties, as a furnisher of information, under 1681s-2(b) "arise only after the

8    furnisher receives notice of dispute from a [credit reporting agency]; notice of dispute

9    received directly from the consumer does not trigger furnishers' duties under subsection

10   (b)." *Gorman v. Wolpoff & Abramson, LLP; MBNA America Bank*, 584 F.3d 1147, 1154

11   (9th Cir. 2009).

12       Mr. Bolton's declaration states that his wife sent disputes to all three national

13   consumer reporting agencies in April of 2010. (ECF 18 ¶ 17), and received responses

14   indicating that Bank of America had verified the erroneous information.  The responses

15   from Experian, Trans Union, and Equifax are dated between April 28, 2010 and May 3,

16   2010. (ECF 18, Exhibits 17-19)  Bank of America submitted corrected information by

17   July 30, 2010. (ECF 18, Exhibit 20).  The record does not reflect what transpired during

18   this intervening time.  For example, on what date did the credit reporting agencies contact

19   Bank of America?  What investigation did Bank of America undertake?  Were there

20   further communications between Plaintiffs and Bank of America concerning the credit

21   reporting issue during this time?

22       Whether Defendants behaved reasonably and took appropriate steps to timely

23   correct the credit reporting information present questions of fact which preclude summary

24   judgment. <u>See</u> *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)

25   ("Whether a defendant's investigation [pursuant to § 1681s-2(b)(1)(A)] is reasonable is a

26   factual question normally reserved for trial.").  Accordingly, Plaintiffs request for partial

27   summary judgment on the FCRA claim is denied, but the court does note, as set forth

28   *supra*, that Defendants have conceded several issues related to this claim.

## VII.  **Count IV - Breach of Contract**

Plaintiffs breach of contract claim consists of only two sentences in the Complaint. (ECF 1 ¶¶ 34-35).  It references no specific provision of any contract, nor does it set forth the provision, or attach the contract to the Complaint.  The Complaint does not reference any specific contract by name--referring to it merely as "agreement" (¶ 34) and "contract" (¶ 35).  The Motion for Partial Summary Judgment (ECF 16) then seeks a judgment that Defendants "breached the implied duty of good faith and fair dealing in connection with the promissory note and deed of trust."  The eighteen-page Memorandum of Law in support of the Motion contains approximately one-half page of argument in support of Plaintiffs' breach of contract claim. (ECF 20 p. 14-15).  Plaintiffs' argument directs this court to *Badgett v. Security State Bank*, 116 Wash.2nd 563 (1991).  The case is cited for the position that every contract carries with it an implied duty of good faith and fair dealing.  The *Badgett* court  found that the bank had not breached the duty of good faith and fair dealing and stated: "The duty of good faith implied in every contract does not exist apart from the terms of the agreement." *Id.* at 572.

Plaintiffs have failed to direct the court to any terms of a specific agreement between the parties that were breached, or reference any provision of an alleged agreement which creates a duty of good faith that was breached.  Plaintiffs have failed to establish their right to summary judgment on the breach of contract claim.

## VIII.  **Conclusion**

1. A dispute of fact exists as to whether the $2,966.51 amount was disclosed at the origination of the loan or was an additional charge as Plaintiffs contend.  Plaintiffs assert this alleged non-disclosure as the basis for their rescission claim.  Plaintiffs' request for summary judgment on Count I (TILA violation) is Denied.

2. Plaintiffs' request for summary judgment on Count II (RESPA violation) is Denied.  Plaintiffs have no private right of action under 12 U.S.C. § 2609.  To the extent Plaintiffs seek damages for Defendants failure to acknowledge the QWR within 20 days, Plaintiffs have not established actual damages.  If Plaintiffs' claim is based on the

substance of Bank of America's response of May 3, 2010, that claim is not sufficiently developed in the summary judgment record.

3. Plaintiffs request for summary judgment on Count III (FCRA violation) is also Denied. The reasonableness of the investigation conducted under 1681s-2(b) presents a question of fact. Bank of America concedes that the Boltons are consumers, that Bank of America is a furnisher of information, and that Plaintiffs' refinance of their mortgage was a consumer transaction under FCRA. These concessions do not entitle Plaintiffs to summary judgment on their FCRA claim.

4. Plaintiffs' claim for breach of contract (Count IV) has not been sufficiently developed in the summary judgment record and is Denied.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (ECF 16) is DENIED for the reasons set forth herein.

2. Defendants' Motion for Expedited Hearing (ECF 33) is GRANTED. Defendants' Motion to Strike (ECF 30) is DENIED.

3. Plaintiffs have failed to comply with this court's Scheduling Order (ECF 10) by not filing their final list of trial witnesses by December 1, 2010. Counsel for the Plaintiffs shall file the Plaintiffs' Final List of Trial Witnesses **within 5 days** of the date of this Order. The list shall include the name, address, and a summary of each witness's direct and foreseeable rebuttal testimony. Failure to comply with this Order may result in the imposition of sanctions, including precluding Plaintiffs from calling any witness at trial.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 18th day of March, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE