UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM J. BOLTON and KRISTINA D. HARWOOD-BOLTON, Husband and Wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., a National Banking Association; and BAC HOME LOANS SERVICING, L.P., a foreign limited partnership organized pursuant to Texas law,<br><br>    Defendants. | NO. CV-10-204-JLQ<br><br>**ORDER RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF 40) and supporting materials and Plaintiffs' Response (ECF 47) with supporting materials. Defendants seek summary judgment as to all claims.  This matter is set to be submitted without oral argument on May 17, 2011. (ECF 44).

## I.  Introduction

    Plaintiffs William J. Bolton and Kristina D. Harwood-Bolton ("Plaintiffs") are husband and wife and obtained a loan to refinance their principal residence located at 1508 N. Brook Terrace Street in Spokane, Washington from Countrywide Bank. There apparently was an interim construction loan and a final take-out loan.  At the time of these transactions, the Plaintiff William Bolton was employed by Countrywide as a Loan Service Officer. Upon the acquisition of Countrywide by Bank of America, it became the owner of the note.

    Plaintiffs claim, *inter alia*, that Bank of America and BAC Home Loans Servicing, LP ("Defendants") failed to disclose an additional interest fee of $2,996.51 at the inception of the loan, failed to timely credit monthly mortgage payments, erroneously

made a late payment report to the National Consumer Reporting Agencies, and did not allow Plaintiffs to rescind the loan.

Plaintiffs allege that Bank of America violated the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq, by not disclosing the additional interest payment of $2,996.51, and refusing to allow Plaintiffs to rescind the loan.

Plaintiffs also allege that Bank of America violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq., by failing to timely respond to a qualified written request and charging too much for an escrow account.  Plaintiffs allege the erroneous credit reporting violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681. Lastly, Plaintiffs assert a claim for common law breach of contract.

## **II.  Procedural Issue**

Plaintiffs previously filed a Motion for Partial Summary Judgment, which the Court denied in its Order of March 18, 2011. (ECF 38).  Shortly thereafter, on the deadline for filing dispositive motions, Defendants moved for summary judgment on all claims. (ECF 40).  In Response, Plaintiffs pointed out that Defendants had failed to file a separate statement of material facts in support of the Motion.  Defendants acknowledge this mistake, and state that although the statement of facts was prepared at the same time as the motion, it was inadvertently not filed.  Defendants filed the statement of facts on April 21, 2011 (ECF 48), long after the March 28, 2011 deadline for filing dispositive motions, and after Plaintiffs had already prepared and filed a Response without the benefit of Plaintiffs' statement of facts.

Local Rule 56.1(a) provides that, "Any party filing a motion for summary judgment shall set forth **separately** from the memorandum of law, and in full, the **specific facts** relied upon in support of the motion.  The specific facts shall be set forth in **serial fashion and not in narrative form**." (emphasis supplied).  Thus, the Defendants cannot cure their error by stating that the facts were also discussed in their memorandum in support of summary judgment.

This court favors resolving issues on the merits, and the inadvertent failure to

submit the statement of facts would not typically warrant denial of the motion.  However, in this instance, the matter is set for a bench trial on June 6, 2011.  In order to allow Plaintiffs fair opportunity to respond to the motion, the court would be required to reset the briefing deadlines to allow Plaintiffs to respond again, and Defendants time to file a reply.  With the trial date less than three weeks away, that is not a feasible approach.  More importantly, allowing such additional briefing would still not likely fully resolve the matter.  In ruling on Plaintiffs' prior motion for partial summary judgment, this court already made several conclusions of law and identified questions of fact remaining for trial.  The parties should be guided by these rulings as they prepare for trial.

### III.  The Court's Prior Rulings

In adjudicating Plaintiffs' Motion for Partial Summary Judgment, the court made the following conclusions of law, and identified the following factual disputes:

1.  Under Count I, Plaintiffs' TILA claim, any claim for monetary damages is barred by the one-year statute of limitations. 15 U.S.C. § 1640(e).

2.  Claims for rescission are governed by a three-year period of limitation.  In the summary judgment record presented by Plaintiffs' Motion for Partial Summary Judgment, a question of fact was presented as to whether the interest charges were properly disclosed.

3.  As to Plaintiffs second claim, under RESPA, the court concluded:  "To the extent Plaintiffs claim is a claim under § 2609, entitled "Limitation on requirement of advance deposits in escrow accounts, the court is in agreement with Defendants that there is no private right of action."

4.  The court further concluded that to the extent Plaintiffs' RESPA claim was based on § 2605, Plaintiffs had failed to allege actual damages resulting from Bank of America's failure to acknowledge the qualified written request within 20 days.

5.  As to Plaintiffs' third claim, under FCRA, Bank of America conceded that the Boltons are consumers, it is a furnisher of information, and the Boltons' refinance of their mortgage was a consumer transaction.  Bank of America admitted that they erroneously

reported the Boltons' March 2010 mortgage payment as late to the credit reporting agencies, however, FCRA does not impose strict liability.  The court identified questions of fact that remained pertaining to the reasonableness of Bank of America's investigation into the alleged credit reporting error and steps it took to correct such.

6.  Finally, Plaintiffs' fourth claim, for breach of the implied duty of good faith and fair dealing was not adequately developed in the record.  Plaintiffs then failed, and now fail in response to Defendants' Motion, to direct the court to any specific terms of an agreement that were breached or terms from which the duty of good faith flows. Plaintiffs' argument appears to be the duty was to timely credit mortgage payments.  If so, Plaintiffs again face the burden of demonstrating what damages resulted from the March 2010 late payment, given that the error was ultimately corrected by Bank of America and the late fee was refunded.

## IV. Defendant's Reply Brief Does Not Cure the Procedural Deficiency or Resolve All Questions of Fact

On May 3, 2011, Defendants filed a Reply Memorandum in support of their Motion for Summary Judgment.  The Reply, while convincing at times, does not change the fact that Plaintiffs were not given the opportunity to respond to specifically delineated factual issues.  Additionally, the court is not fully convinced that all factual issues are resolved to the extent that Defendants would be entitled to summary judgment.  For example, Bank of America argues that Plaintiffs offer no evidence that investigation of their payment history was unreasonable in support or their FCRA claim.  However, there is evidence that the investigation took several months, that it may have confirmed information ultimately determined to be erroneous (that being that the Plaintiffs' March 2010 payment was late), and that the information was not corrected until after this lawsuit was filed.  These facts, more fully developed at a bench trial, may demonstrate that the investigation was unreasonable.

The other significant remaining issue concerns the rescission claim under TILA. The court previously held, in considering the record presented by Plaintiffs' Motion for

Summary Judgment, that there was a factual question as to whether the interest charges were properly disclosed. Defendants contend that even if the charges were not properly disclosed, they are entitled to summary judgment because the Plaintiffs have not demonstrated an ability to tender the loan proceeds. At the prior hearing on March 17, 2011, the parties argued concerning the effect of *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) and *LaGrone v. Johnson*, 534 F.2d 1360 (9th Cir. 1976) on Plaintiffs' rescission claim and whether they must demonstrate ability to tender. Both of these cases favor the Defendants. In *Yamamoto*, the Ninth Circuit affirmed the district court's decision to dismiss the rescission claim without first determining whether there was as TILA violation (that would allow for rescission). The Ninth Circuit said it was allowable for the district court to skip to 'step two', and as the borrowers could not offer proof of ability to repay the loan, the court could dismiss the claim. The court also rejected an argument that the lender's security interest becomes void upon notice of rescission. The court stated: "We believe this makes no sense when, as here, the lender contests the ground upon which the borrower rescinds." *Id.* at 1172.

In *LaGrone*, the Ninth Circuit found the "district court erred in not conditioning rescission on the tender of the net amounts advanced." *Id.* at 1362. Thus, although this court has discretion to condition rescission on tender of the loan proceeds (*Yamamoto*), the Ninth Circuit has said it "should be" so conditioned (*LaGrone*), and this court believes such condition is generally appropriate. Defendants apparently ask this court to skip to 'step two' as was done in *Yamamoto* and enter summary judgment in their favor as Plaintiffs have not shown the ability to tender the loan proceeds. Instead, Plaintiffs argue that an appraisal of the property shows it is valued at $725,000, which exceeds the loan amount of approximately $580,000. (ECF 47, p. 12). While Mr. Bolton admits that he does not have the cash on hand to tender the proceeds, he avers that he could refinance, sell the house, or otherwise raise the money. (ECF 46, ¶ 14). On appeal in *Yamamoto*, a similar argument was made by the borrowers, and the Ninth Circuit stated: "We express no opinion on this [whether borrower could refinance or sell the property], for there is

nothing at all to this effect in the record." 329 F.3d at 1173.  The issues surrounding Plaintiffs ability to tender can be better developed at the bench trial.

### V.  Conclusion

If the court was presented with a properly filed motion for summary judgment by Defendants which included a statement of facts, the court may have found Defendants entitled to summary judgment on portions of some claims.  As a practical matter, this is a bench trial, and the parties are aware of the court's conclusions.  For example, Defendants would be entitled to summary judgment on Plaintiff's claim for damages under TILA, as that claim is time-barred by the one-year statute of limitations.  The court also has reservations concerning whether Plaintiffs will be able to demonstrate actual damages on their RESPA, FCRA, or breach of contract claims.  However, the court has also identified factual issues presented by the TILA and FCRA claims which would benefit from further development at trial before the court.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Defendants' Motion for Summary Judgment (ECF 40) is **DENIED** for the reasons set forth herein.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 16th day of May, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6